UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ABRAHAM AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-49 |
| | § | |
| CGG LAND (U.S.), INC. A/K/A CGG | § | |
| VERITAS LAND (U.S.), INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are "Plaintiff's Motion to Remand,"[1] filed by Abraham Aguirre ("Plaintiff"), as well as "CGG Land (U.S.), Inc's Motion to Dismiss, or Alternatively, Motion to Quash Service Pursuant to Rules 12(b)(4) and 12(b)(5),"[2] and "CGG Land (U.S.), Inc.'s Motion for Summary Judgment,"[3] filed by CCG Land (U.S.), Inc. ("Defendant").

After considering the motion to remand, record, and relevant authorities, the Court **GRANTS** the motion to remand. As a result, the Court does not consider the motion to dismiss and the motion for summary judgment.

### I.  Factual and Procedural Background

On November 8, 2013, Plaintiff filed suit in state district court pursuant to the "Jones Act",[4] seeking to recover for injury in the course of his employment on a vessel chartered by

---

[1] Dkt. No. 6.

[2] Dkt. No. 10.

[3] Dkt. No. 20.

[4] Dkt. No. 1, Attach. 2 at p. 5; 46 U.S.C. § 30104 ("A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.").

Defendant. On December 2, 2014, a process server served a summons and petition on Defendant's registered process agent, CT Corporation System.[5]

On January 31, 2014, Defendant removed to this court, asserting its removal was timely because the petition with which it had been served lacked its fifth page.[6] Defendant also asserted this Court possesses subject matter jurisdiction pursuant to the Admiralty Clause of the United States Constitution,[7] and that the Jones Act did not preclude removal because Plaintiff is not a seaman.[8]

Plaintiff now moves to remand, arguing that service was proper and Defendant therefore failed to remove within the 30-day limit.[9] Defendant moved to dismiss, arguing it had never been served. Before turning to the facts of this case, the Court will review the law on remand.

## II. Service of Process

The chief purpose of service of process is to provide "notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."[10] If service of process has been challenged, the Court must address the challenge before proceeding, because the Court's personal jurisdiction over Defendants depends on proper service of process.[11]

*Federal and State Standards for Service of Process*

---

[5] Dkt. No. 6, Attach. 4.

[6] Dkt. No. 1 at p. 2, ¶4.

[7] U.S. Const. art. III, § 2.

[8] Dkt. No. 1 at p. 2, ¶3.

[9] 28 U.S.C. § 1446(b)(1).

[10] Henderson v. U.S., 517 U.S. 654, 672 (1996).

[11] Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

O

For individuals within the United States, such as Defendant, Federal Rule of Civil Procedure 4(e) governs service of process. Pursuant to Rule 4(e), service of process may be effected by: (1) serving a defendant pursuant to the laws of the state in which either he is located or in the state where the district court is located (here, Texas);[12] (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or by law.

Of course, because Plaintiff filed in state court, only the first option was available to him. "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law."[13] For service of process under state law, the Court looks to Rule 106(a) of the Texas Rules of Civil Procedure. Under that rule, service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested.

When service of process is challenged, the plaintiff bears the burden of establishing the validity of process.[14] To prove that service of process has been effected through personal service upon the defendant, the general rule is that "[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence."[15] Further, unless some defect in service is shown on the face of the return, a motion to dismiss

---

[12] *See* Ellibee v. Leonard, 226 F. App'x 351, 356 (5th Cir. 2007).

[13] City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206, 210 (5th Cir. 2005).

[14] *See* Aetna Business Credit Inc. v. Universal Decor and Interior Design, 635 F.2d 434, 435 (5th Cir.1981).

[15] People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011).

O

under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service.[16]

*Only a Full and Complete Petition Can Complete Service*

Having outlined the law governing service of process, the Court pauses to address two arguments which Plaintiff hopes can establish a lower standard.

First, Plaintiff argues that page 5 is not a particularly important page of the petition,[17] and that Defendant may not remove because all important information was served. This argument cannot weaken the requirement that formal process, including a complete petition, be served. Formal process rather than actual notice is required precisely to avoid disputes over the sufficiency and materiality of service.[18]

Second, Plaintiff argues he may serve process in any of four ways the Supreme Court described in *Murphy*,[19] and that he has successfully done so in at least three of the four ways.[20] In

---

[16] *See also* Principles of Construction of Rule 4, Fed. Prac. & Proc. Civ. (3d ed.) ("The general attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself. This is consistent with the modern conception of service of process as primarily a notice-giving device.").

[17] *See* Dkt. No. 6 at p. 7, ¶14 ("nothing on the allegedly missing-with-service page 5 justifies untimely removal.").

[18] *See* Ellibee v. Leonard, 226 F. App'x 351, 357 (5th Cir. 2007) ("actual notice is not sufficient service of process."). *See also* Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012) (finding service of process "a ritual that marks the court's assertion of jurisdiction over the lawsuit.").

[19] *See* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) ("First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.").

[20] Dkt. No. 6 at pp. 5-6.

O

effect, Plaintiff argues he need not serve process pursuant to Texas Rule of Civil Procedure 106(a). This argument does not assist Plaintiff's case, to understate the matter.

No honest reader of *Murphy* could ignore the paragraph and sentence immediately preceding that list of four methods of service, which make clear that the Supreme Court merely summarized four different state methods of serving process: "As the court in *Potter* observed, the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received . . . As summarized in Potter, the possibilities are as follows."[21] Plaintiff's flagrant misquotation of *Murphy* borders on a Rule 11 violation, by representing to the Court that these four categories were normative rather than descriptive.[22] Plaintiff could not serve process in any method which some state follows; only service of process *valid under Texas law* will suffice.

### III.   The Motion to Remand

The Court now applies the law to the specific facts of this case. To begin, the Court notes that nothing in the record establishes where the missing page went absent without leave. The missing page could have disappeared at any of the links in the chain leading from Plaintiff to Defendant: before the process server collected the documents, as the process server moved to CT Corporation, during the handoff from the process server to CT Corporation, during the

---

[21] Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

[22] FED.R.CIV.P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . .").

transmission from CT Corporation to Defendant, or while in Defendant's possession.[23] However, the Court can only be certain of two facts: the server delivered a sworn return of service, and Defendant now possesses a petition missing a page. In this case, then, Plaintiff presents a signed return of service. In response, Defendant presents the fax sheet from its process agent, followed by a petition missing its fifth page.

Practically speaking, the signed return of service constitutes rather weak evidence. There is no showing that the process server counted the number of pages she received to ensure that all were present. However, Defendant's evidence is even weaker. CT Corporation's fax cover sheet does not show how many pages it received, or even confirm the number of pages it sent to Defendant.

This is the sort of situation for which the law prepares brightline presumptions. The law requires service by a third party to avoid questions of bad faith and partiality in service of process (as well as to avoid fistfights, one imagines). The law then assigns a presumption that a signed return of service of process, from such an impartial process server, constitutes prima facie evidence that service has been completed. This prima facie evidence satisfies Plaintiff's burden when Defendant challenges that process was served.

This brightline presumption can only be overcome by strong and convincing evidence. However, the burden of presenting strong and convincing evidence is not an impossible one, as even an affidavit may suffice.[24] Flat denials in the motion that service was ever effected,[25] and

---

[23] If the page disappeared at any time before the process server handed the papers to the process agent, then Plaintiff would lose the argument. If the page disappeared after CT Corporation took possession of the papers, then Defendant would lose the argument.

[24] *See* Hicklin v. Edwards, 226 F.2d 410 (8th Cir. 1955).

[25] *See Hartmann* at 524 ("Bruce Hartmann submitted to the district court only an un-notarized affidavit claiming that no service was made on him or his wife.").

O

flat assertions in the motion that the petition lacks a page,[26] do not constitute strong and convincing evidence sufficient to overcome the presumption created by the process server's signed return. Therefore, the Court finds that the fax sheet and incomplete petition do not constitute strong and convincing evidence which overcomes the signed return of service.

### IV. Holding

To begin a lawsuit, the law requires formal service, not actual notice, in order to avoid confusion and unproductive disputes. In so doing the law accepts the inequitable result that defendants may be able to avoid formal service of process. Plaintiffs must bear that burden in the interests of judicial efficiency. But to allow defendants to continue to avoid the lawsuit after formal service of process, by means of a flat denial or a flat assertion that the petition was incomplete, would place too heavy a load on plaintiffs.

The Court finds that Defendant was served on December 3, 2013, but did not remove until January 21, 2014. This removal exceeded the 30-day time limit, and removal was untimely.

Accordingly, the Court **REMANDS** the case to state court.

IT IS SO ORDERED.

DONE this 9th day of April, 2014, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[26] Proffering part of the petition does not make for better evidence than proffering none of it.